FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 MAY 16 PM 2:39


CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) <br>v. )<br>)<br>RALPH JAMES MERCADO ) | CASE NO.: CR295-06 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ralph Mercado ("Mercado"), who is currently incarcerated at the United States Penitentiary, Florence in Florence, Colorado, filed a pleading entitled "Motion for Relief From Judgment Based on Fraud on the Court Pursuit (sic) to Zakrzweski v. McDonough, 490 F.3d 1264 (11th Cir. 2007)". The Government filed a Response, and Mercado filed a Reply. For the reasons which follow, Mercado's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Mercado pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(d), and to one count of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The Honorable Anthony A. Alaimo sentenced Mercado to 300 months' imprisonment on the bank robbery count and 60

months' imprisonment on the firearms count, to be served consecutively, on June 23, 1995. Mercado filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Mercado's sentence in 1997. United States v. Mercado, 112 F.3d 1172 (11th Cir. 1997) (Table). Judge Alaimo adopted the Eleventh Circuit's judgment as the judgment of this Court on May 15, 1997. (Doc. No. 101). On April 6, 1998, Mercado filed a motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255. The undersigned denied Mercado's motion by Order dated April 8, 1998, and directed Mercado to file his section 2255 motion within the applicable time limits. (Doc. No. 104). Mercado did not file a motion to vacate, set aside, or correct his sentence pursuant to § 2255.

Mercado filed a Motion pursuant to Rule 60(b). In that Motion, Mercado contended that the probation officer who prepared his Pre-Sentence Investigation Report ("PSI") committed a fraud on the Court by providing misleading information in the PSI, particularly the prior convictions used to calculate Mercado's criminal history points. The undersigned recommended that Mercado's Motion be dismissed, and Judge Alaimo adopted this recommendation as the opinion of the Court. (Doc. Nos. 199, 201). The Eleventh Circuit dismissed Mercado's appeal for want of prosecution due to Mercado's failure to pay the applicable filing fee.

In this Motion, Mercado sets forth the same assertion that he did in his previously-filed Rule 60(b) Motion—that the probation officer who prepared his PSI committed a fraud upon this Court by providing misleading information in his PSI.

## DISCUSSION AND CITATION TO AUTHORITY

Mercado relies on Zakrzewski v. McDonough, 490 F.3d 1264 (11th Cir. 2007), in support of his assertions. However, Mercado's reliance on Zakrzewski is misplaced, as

AO 72A
(Rev. 8/82)

this Court has informed him on a previous occasion. In Zakrzewski, the Eleventh Circuit determined that a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, asserting a request for relief from a judgment obtained based on a fraud committed on the court was not a second or successive habeas corpus petition. Zakrzewski, 490 F.3d at 1267. In reaching this holding, the Eleventh Circuit noted that the petition did not assert or reassert allegations of error which occurred during his state convictions, and the district court erred in concluding that the petitioner's Rule 60(b) motion was a successive habeas corpus petition. Id. Mercado has not filed a previous section 2255 motion. The holding in Zakrzewski is applicable in the context of second or successive habeas corpus petitions, not untimely § 2255 motions. (Doc. No. 199).

To the extent this Court considers Mercado's motion as being brought pursuant to Rule 60(b), he is not entitled to his requested relief. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." FED. R. CIV. P. 1. Rule 60(b)(3) provides that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. However, the Eleventh Circuit repeatedly has "held that Rule 60(b) does not provide for relief from a judgment in a criminal case." United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) (quoting cases). Even if Mercado could seek relief pursuant to Rule 60(b), his present Motion is untimely filed. FED. R. CIV. P. 60(c)(1). Accordingly, Mercado is not entitled to relief pursuant to Rule 60(b).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mercado's Motion (Doc. No. 210) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE