FILED
U.S. DISTRICT COURT
_____ DIV.
2011 MAY 16 PM 2:40
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO.: CR295-06 |
| v. ) | |
| ) | |
| RALPH JAMES MERCADO ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ralph Mercado ("Mercado"), who is currently incarcerated at the United States Penitentiary, Florence in Florence, Colorado, filed a petition for post-conviction relief pursuant to 28 U.S.C. §§ 1651 and 2241 and/or Rules 60(b) and 59(e). The Government filed a Response, and Mercado filed a Reply. For the reasons which follow, Mercado's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Mercado pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(d), and to one count of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The Honorable Anthony A. Alaimo sentenced Mercado to 300 months' imprisonment on the bank robbery count and 60 months' imprisonment on the firearms count, to be served consecutively, on June 23, 1995. Mercado filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Mercado's sentence in 1997. United States v. Mercado, 112 F.3d 1172 (11th Cir. 1997) (Table). Judge Alaimo adopted the Eleventh Circuit's judgment as the judgment of this

Court on May 15, 1997. (Doc. No. 101). On April 6, 1998, Mercado filed a motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255. The undersigned denied Mercado's motion by Order dated April 8, 1998, and directed Mercado to file his section 2255 motion within the applicable time limits. (Doc. No. 104). Mercado did not file a motion to vacate, set aside, or correct his sentence pursuant to § 2255. However, Mercado did file two (2) motions to modify his sentence pursuant to 18 U.S.C. § 3582, and this Court denied both motions. (Doc. Nos. 181, 184, 189, and 191).

Mercado filed a Motion pursuant to Rule 60(b). In that Motion, Mercado contended that the probation officer who prepared his Pre-Sentence Investigation Report ("PSI") committed a fraud on the Court by providing misleading information in the PSI, particularly the prior convictions used to calculate Mercado's criminal history points. The undersigned recommended that Mercado's Motion be dismissed, and Judge Alaimo adopted this recommendation as the opinion of the Court. (Doc. Nos. 199, 201). The Eleventh Circuit dismissed Mercado's appeal for want of prosecution due to Mercado's failure to pay the applicable filing fee.

In this Motion, Mercado contends that he was led to believe he would be sentenced to a total of 222 months' imprisonment rather than the 360-month sentence he received. Mercado asserts that the Assistant United States Attorney openly argued for an upward departure at his sentencing hearing, despite the existence of a plea agreement.[1] The Government asserts that Mercado's petition should be dismissed.

---

[1] The transcript from Mercado's sentencing hearing belies this contention. (Doc. No. 90, pp. 11-12).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

### 28 U.S.C. § 2255

District courts have an obligation to look behind the label of a pro se inmate's motion to determine whether the motion is "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). A petitioner seeking to challenge the legality of the imposition of his sentence should seek relief under 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

AO 72A
(Rev. 8/82)

The Eleventh Circuit affirmed Mercado's convictions and sentences in 1997, and this Court adopted the Eleventh Circuit's judgment on May 15, 1997.[2] Mercado had ninety (90) days to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. SUP. CT. R. 13.1. Mercado's conviction became "final" on August 13, 1997, and he had one (1) year to file a timely § 2255 motion, or until August 13, 1998. Mercado filed the instant motion on June 24, 2010, which is nearly 12 years after the applicable statute of limitations period expired.

**28 U.S.C. § 2241**

To the extent Mercado's petition can be construed as being brought pursuant to 28 U.S.C. § 2241, his requested relief must be denied. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

---

[2] The Court's docketing system does not provide a link to the Eleventh Circuit's decision, and thus, the undersigned was not able to determine on what date the Eleventh Circuit affirmed Mercado's convictions and sentences. Accordingly, the undersigned has used the date this Court adopted the Eleventh Circuit's judgment as the statute of limitations triggering event.

4

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion (e.g., timeliness issues), a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Mercado fails to present evidence that § 2255 is inadequate or ineffective, that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Mercado has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Mercado cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Mercado is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of §

5

2255." Wofford, 177 F.3d at 1245. Mercado's requested relief is not available pursuant to section 2241.

### Fed. R. Civ. P. 59(e) and 60(b)

In addition, Mercado is not entitled to relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." FED. R. CIV. P. 1. Rule 60(b)(3) provides that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. However, the Eleventh Circuit repeatedly has "held that Rule 60(b) does not provide for relief from a judgment in a criminal case." United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) (quoting cases). Accordingly, Mercado is not entitled to relief pursuant to Rule 60(b). Likewise, Mercado is not entitled to relief pursuant to Rule 59(e), as a motion made pursuant to that Rule must be made "no later than 28 days after the entry of the judgment[ ]" challenged. FED. R. CIV. P. 59(e). Even if Rule 59(e) could provide Mercado's requested relief, the present petition is untimely filed.

### 28 U.S.C. § 1651

Finally, Mercado is not entitled to his requested relief pursuant to 28 U.S.C. § 1651, the All Writs Act. The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "'[t]he All Writs Acts is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Morales v. Fla. Dep't of Corr., 346 F.

AO 72A
(Rev. 8/82)

App'x 539, 540 (11th Cir. 2009) (quoting Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985)). Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue *ad hoc* writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. (internal citation omitted). "Accordingly, common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fills gaps in the system of federal post-conviction remedies." Id. (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the common law "writ of *audita querala* may not be granted when relief is cognizable under § 2255".). "Moreover, the Act does not create any substantive federal jurisdiction; 'rather, it empowers a federal court-in a case in which it is already exercising subject matter jurisdiction-to enter such orders as are necessary to aid it in the exercise of such jurisdiction.'" Id. (quoting In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006)). Because Mercado is in custody pursuant to the judgment of a federal court, his request relief is cognizable under section 2255.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mercado's petition (Doc. No. 213) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7