IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 OCT 24 A 9: 19
CLERK
SO. DIST. OF GA.

RALPH JAMES MERCADO, )
)
    Petitioner, ) CIVIL ACTION NO.: CV213-108
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR295-06)
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ralph Mercado ("Mercado"), who is currently incarcerated at the United States Penitentiary in Beaumont, Texas, filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss. Mercado filed a Response. For the reasons which follow, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Mercado pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(d), and to one count of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The Honorable Anthony A. Alaimo sentenced Mercado to 300 months' imprisonment on the bank robbery count and 60 months' imprisonment on the firearms count, to be served consecutively, on June 23, 1995. Mercado filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Mercado's sentence in 1997. United States v. Mercado, 112 F.3d 1172 (11th Cir. 1997)

(Table). Judge Alaimo adopted the Eleventh Circuit's judgment as the judgment of this Court on May 15, 1997. (Doc. No. 101). On April 6, 1998, Mercado filed a motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255. The undersigned denied Mercado's motion by Order dated April 8, 1998, and directed Mercado to file his section 2255 motion within the applicable time limits. (Doc. No. 104). Mercado did not file a motion to vacate, set aside, or correct his sentence pursuant to § 2255. However, Mercado did file two (2) motions to modify his sentence pursuant to 18 U.S.C. § 3582, and this Court denied both motions. (Doc. Nos. 181, 184, 189, and 191).

Mercado filed a Motion pursuant to Rule 60(b). In that Motion, Mercado contended that the probation officer who prepared his Pre-Sentence Investigation Report ("PSI") committed a fraud on the Court by providing misleading information in the PSI, particularly the prior convictions used to calculate Mercado's criminal history points. The undersigned recommended that Mercado's Motion be dismissed, and Judge Alaimo adopted this recommendation as the opinion of the Court. (Doc. Nos. 199, 201). The Eleventh Circuit dismissed Mercado's appeal for want of prosecution due to Mercado's failure to pay the applicable filing fee.

In yet another pleading, Mercado contended that he was led to believe he would be sentenced to a total of 222 months' imprisonment rather than the 360-month sentence he received. Mercado asserted that the Assistant United States Attorney openly argued for an upward departure at his sentencing hearing, despite the existence of a plea agreement.[1] The undersigned recommended that Mercado's motion be dismissed. (Doc. Nos. 220, 222). The Honorable Lisa Godbey Wood adopted this

---

[1] The transcript from Mercado's sentencing hearing belies this contention. (Doc. No. 90, pp. 11–12).

2

recommendation as the opinion of the Court. (Doc. No. 229). Judge Wood also denied Mercado's motion for reconsideration of her previous order. (Doc. No. 235).

In this Motion, Mercado asserts that he received ineffective assistance of counsel during the pretrial, plea, and sentencing phases of his criminal proceedings. Mercado also asserts that his guilty plea was not entered into knowingly and voluntarily because he did not have a competency hearing and/or an evaluation. The Government contends that Mercado's Motion is untimely, and he is not entitled to equitable tolling.

## DISCUSSION AND CITATION TO AUTHORITY

Motions made pursuant to 28 U.S.C. § 2255 are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit affirmed Mercado's convictions and sentences in 1997, and this Court adopted the Eleventh Circuit's judgment as the judgment of this Court on May 15, 1997.[2] Mercado had ninety (90) days to file a petition for writ of certiorari with the

---

[2] The Court's docketing system does not provide a link to the Eleventh Circuit's decision, and thus, the undersigned was not able to determine on what date the Eleventh Circuit affirmed Mercado's convictions

3

United States Supreme Court, which he did not do. SUP. CT. R. 13.1. Mercado's conviction became "final" on August 13, 1997, and he had one (1) year to file a timely § 2255 motion, or until August 13, 1998. Mercado filed the instant motion on August 5, 2013, nearly fifteen (15) years after the applicable statute of limitations period expired.

Mercado contends that he is entitled to the equitable tolling of the applicable statute of limitations period. A prisoner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2255 motion. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a prisoner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631, (2010). "'[T]he burden of establishing eligibility for'" this extraordinary remedy "'squarely'" rests with the prisoner. Foley v. United States, 420 F. App'x 941, 942 (11th Cir. 2011) (quoting Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007)).

There is no evidence before the Court that Mercado could not have discovered his claims until almost fifteen (15) years after his conviction became final. Mercado has not shown that he pursued the claims raised in his latest filing with any sort of diligence prior to the expiration of the applicable statute of limitations period, which typically is one (1) year from the date of a conviction's finality. 28 U.S.C. § 2255(f)(1). Mercado's motion was filed untimely, even considering section 2255(f)(4) as the applicable start of statute of limitations period. To the extent Mercado wishes for § 2255(f)(2) to provide a

---

and sentences. Accordingly, the undersigned has used the date Judge Alaimo adopted the Eleventh Circuit's judgment as the statute of limitations triggering event.

4

triggering event for equitable tolling purposes, any assertion in this regard must be discounted for the reasons set forth in the Government's Motion. (Doc. No. 3, pp. 3–4).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mercado's Motion, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)