IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,　　　*
　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
RALPH MERCADO,　　　　　　　　 *
　　　　　　　　　　　　　　　　*
　　　Defendant.　　　　　　　　*　　　2:95-cr-006-3
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*

**O R D E R**

Presently pending before the Court is Defendant Ralph Mercado's "Motion to Apply Johnson to Defendant's Case." (Doc. 264.) The Court interprets Defendant's motion to be a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015).

The Government's brief ably summarizes the procedural history of this case:

> In 1995, Mercado pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(d) and one count of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). (Docs. 56, 65.) The Court sentenced Mercado to 300 months' imprisonment on the bank robbery count and 60 months' imprisonment on the firearms count, to be served consecutively, for a total sentence of 360 months' imprisonment. (Doc. 69.) Mercado appealed, and the Eleventh Circuit affirmed. (Docs.

> 77, 100.) In August 2013, Mercado filed a
> 28 U.S.C. § 2255 motion (Doc. 239), which
> this Court dismissed as untimely (Docs. 245,
> 250).

(Doc. 267 at 1.) Because this is Mercado's second § 2255 motion, he may only file the motion after it is "certified . . . by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C). The Eleventh Circuit recently granted an application concerning Johnson's impact on sentences under 18 U.S.C. § 924(c). See In re Ricardo Pinder, Jr., No. 16-12084-J (11th Cir. June 1, 2016).

In other words, before filing a motion in this Court, Mercado must apply for leave to file a second or successive motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. That application must be filed directly with the

Clerk of the Eleventh Circuit Court of Appeals. The Court notes that Mercado's application must be filed with the Eleventh Circuit before the statute of limitations expires on June 26, 2016.

Because Mercado does not presently have leave to file a second § 2255 motion, his motion is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of June 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA